IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LUIS SANCHEZ NAJERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-283 (RDA/LRV) |
| TODD M. LYONS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This matter comes before the Court on Petitioner Luis Sanchez Najera's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody or a bond hearing before an Immigration Judge. Petitioner argues that he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing detention violates his due process rights, and he requests that this Court order that he be granted a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents oppose the Petition and assert that Petitioner was properly detained under 8 U.S.C. § 1231, because he is subject to a final order of removal. Dkt. 4. For the reasons set forth below, the Petition is DENIED.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador and entered the United States in or around 2004. Dkt. 1 ¶ 45; Dkt. 4-1 ¶ 5. On February 24, 2009, Petitioner was ordered removed by the Arlington Immigration Court. Dkt. 4-1 ¶ 6. On August 8, 2019, Petitioner's motion to reopen the removal proceedings was granted; however, Petitioner failed to appear for a scheduled Master Calendar Hearing on May 31, 2023, at the Annandale Immigration Court, and that court ordered Petitioner removed *in absentia. Id.* ¶ 7; Dkt. 4-2 (Order of the Immigration Judge). On January 29, 2026, Petitioner was encountered and placed in immigration custody. Dkt. 4-1 ¶ 8. Petitioner

is detained at the Farmville Detention Center in Farmville, Virginia. Dkt. 1 ¶ 1.

On January 29, 2026, the same day that he was first detained, Petitioner filed the instant Petition, asserting violations of the INA, bond regulations, and due process, and seeking release or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1. On January 30, 2026, this Court issued an order setting a briefing schedule. Dkt. 3. On February 4, 2026, Respondents filed their Opposition, asserting that Petitioner is properly detained subject to an administratively final order of removal under 8 U.S.C. § 1231, and that his detention does not otherwise violate due process because he has been detained for far less than the presumptively reasonable six months under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Dkt. 4. Petitioner did not file a reply.

Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

2

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

## III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2-3 (E.D. Va. Sept. 29, 2025).

On May 31, 2023, the Immigration Judge ("IJ") determined that "DHS submitted

3

documentary evidence relating to Respondent that established the truth of the factual allegations contained in the Notice to Appear" and found "removability established as charged." Dkt. 4-2 at 1. The IJ further found that Petitioner's "failure to appear and proceed with any applications for relief constitutes an abandonment of any pending applications." Dkt. 4-2 at 2. Accordingly, the IJ ordered that Petitioner "shall be removed to El Salvador." *Id.* In failing to file a reply, Petitioner has not contested the existence or legal significance of the removal order from the *in-absentia* proceeding. Dkt. 4-2. Section 1231 requires detention of aliens who are subject to an administratively final order of removal. *See* 8 U.S.C. §§ 1231(a)(1), (2).

Where, as here, an alien has been ordered removed *in absentia*, the order becomes final "immediately upon entry of such order." 8 C.F.R. § 1241.1(e). Furthermore, pursuant to Section 1231(a)(2)(A), the Attorney General is required to detain aliens subject to a final order of removal. 8 U.S.C. § 1231(a)(2)(A). Although the removal period is generally ninety (90) days, Section 1231 provides that the removal period may be extended in certain circumstances. *Id.* § 1231(a)(6). And, after the passage of ninety (90) days, the Department of Homeland Security ("DHS") may release an alien if DHS determines that he "will not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight pending such alien's removal." 8 C.F.R. § 241.4(d)(1). Thus, the order of removal subjects Petitioner to detention pursuant to Section 1231. Accordingly, because Section 1231 governs Petitioner's detention, he is not entitled to a bond hearing pursuant to Section 1226, and the Petition will be denied on that ground.

To the extent Petitioner also seeks a bond hearing pursuant to the Supreme Court's decision in *Zadvydas*, the Petition will also be denied. In *Zadvydas*, the Supreme Court determined that indefinite detention under Section 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to

4

federal-court review." 533 U.S. at 682. But, the Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Here, Petitioner has been detained since January 29, 2026, a period of two weeks—significantly shorter than the six-month period recognized in *Zadvydas*. Dkt. 4-1 ¶ 8. Petitioner has also not provided any reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, Petitioner's *Zadvydas* challenge is premature and will be denied without prejudice.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that the Petition (Dkt. 1) is DENIED; and it is

FURTHER ORDERED that the Court's Order prohibiting Respondents from removing Petitioner from this District is LIFTED, and the Court expresses no view as to whether some other provision of law that may apply pursuant to any efforts in Petitioner's immigration proceedings precludes Petitioner's removal from this country.

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
February *12* , 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

5